UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MGMTL, LLC                                                    CIVIL ACTION

VERSUS                                                        NO. 20-2138-WBV-MBN

STRATEGIC TECHNOLOGY                                          SECTION: D (5)
INSTITUTE, INC.

## ORDER and REASONS

Before the Court is Defendant's Motion for Summary Judgment, filed by Strategic Technology Institute, Inc. ("STI").[1]  STI asserts that the Court should grant summary judgment as to Counts One and Four in the Amended and Restated Complaint filed by MGMTL, LLC ("MGMTL"), for copyright infringement and misappropriation of trade secrets, because the claims are time-barred by the three-year statute of limitations in 17 U.S.C. § 507(b), 18 U.S.C. § 1836(d), and La. R.S. 51:1436.[2]  STI also asserts that the Court should grant summary judgment on all counts except Count One (copyright infringement) because there is no evidence that MGMTL suffered any damages.[3]  If, however, the Court determines that MGMTL's copyright infringement claim in Count One is not barred by the statute of limitations, STI asserts that it remains entitled to summary judgment because it is undisputed that STI did not copy the SMART source code.[4]  Finally, STI asserts that the Court should grant summary judgment on Counts One, Two and Four of the Amended

---

[1] R. Doc. 93.
[2] *Id*. at p. 1; R. Doc. 93-1 at pp. 1 & 4-7.
[3] R. Doc. 93 at p. 1; R. Doc. 93-1 at pp. 1-2 & 7-8.
[4] R. Doc. 93 at p. 1; R. Doc. 93-1 at pp. 2-3 & 8-11.

Complaint "for the reasons explained in STI's partial motion to dismiss," which was

pending at the time STI filed its Motion for Summary Judgment.[5]

MGMTL opposes the Motion, challenging STI's analysis of the statutes of

limitation and further clarifying that each of MGMTL's claims are timely.[6]

Additionally, MGMTL notes that each infringing act accrues separately, something

that it alleges STI fails to take into account.[7]  MGMTL asserts that STI's argument

that summary judgment should be granted because it is undisputed that STI did not

copy the SMART source code fails for two reasons: (1) it fails to recognize that

MGMTL holds a registered copyright for far more than a source code, as MGMTL has

a registered copyright to the SMART computer program as a whole, including its

screen displays; and, (2) Fifth Circuit precedent makes clear that copyright protection

applies to both the literal and non-literal elements of software.[8]  Finally, MGMTL

disputes STI's claim that MGMTL  suffered no damages as to its claims in Counts

One, Two, and Four.  STI has filed a Reply, maintaining that summary judgment is

appropriate.[9]

Summary judgment is appropriate where there is no genuine disputed issue as

to any material fact, and the moving party is entitled to judgment as a matter of

---

[5] R. Doc. 93 at p. 1; R. Doc. 93-1 at p. 11.  The Court denied STI's Partial Motion to Dismiss Counts I, II, and IV of the Amended and Restated Complaint (R. Doc. 26) on July 26, 2021.  R Doc. 162.

[6] R. Doc. 101, filed into the record under seal.  On May 17, 2021, MGMTL moved for leave to file under seal its Opposition brief and several exhibits thereto "[o]ut of an abundance of caution" and on the basis that, "Strategic Technology, Institute, Inc. has taken an expansive approach with respect to the parties' protective order and has designated all documents it has produced in discovery in this litigation as 'confidential' pursuant to the protective order (Rec. Doc. 39)."  R. Doc. 102.  The Court granted that request on May 18, 2021.  R. Doc. 105.

[7] R. Doc. 101-22 at pp. 10-13.

[8] *Id*. at pp. 13-21.

[9] R. Doc. 122.

law.[10]   When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[11]   "[S]o long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in the party's favor, the court must deny the motion."[12]   While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[13]   Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[14]

With that in mind, after careful consideration of the parties' memoranda and the applicable law, and drawing all inferences in favor of MGMTL, nonmoving party, as the Court is bound to do, the Court finds that STI's Motion for Summary Judgment must be denied.  The Court specifically finds that, for the reasons stated in MGMTL's Opposition brief,[15] STI has failed to show that it is entitled to summary judgment as a matter of law with respect to the claims asserted in MGMTL's Amended and

---

[10] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986).

[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).

[12] *Sellers v. Falcon Services Co., Inc.*, Civ. A. No. 99-3735, 2000 WL 1285418, at *1 (E.D. La. Sept. 8, 2000) (Clement, J.) (citing *Anderson*, 477 U.S. 242, 106 S.Ct. 2505).

[13] *Delta & Pine Land Co.*, 530 F.3d at 399 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).

[14] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505).

[15] R. Doc. 101-22.

Restated Complaint.[16] Thus, the Court finds that there are genuine issues of material fact in dispute in this case and that STI is not entitled to judgment as a matter of law under Fed. R. Civ. P. 56.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment[17] is **DENIED**.

New Orleans, Louisiana, March 8, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[16] R. Doc. 22.
[17] R. Doc. 93.